1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MPI LLC,

                                    Plaintiff,

        v.

SORTING ROBOTICS, INC.,

                                    Defendant.

Case No. 2:21-cv-02042-ART-DJA

ORDER

        Before the Court is Defendants Sorting Robotics, Inc. ("Sorting Robotics") and Harrison Bard d/b/a Custom Cones USA's ("Custom Cones") Motion to Dismiss for improper venue under 28 U.S.C. § 1400. (ECF No. 22.) After the Motion to Dismiss was filed, Plaintiff MPI LLC ("MPI") voluntarily dismissed Custom Cones, and MPI now argues that transfer to the Central District of California ("C.D. Cal."), not dismissal, is appropriate since venue would now be proper in C.D. Cal. Because transfer of venue is legally proper and the interests of justice and convenience of the parties favor transfer, the Court orders that this case be transferred to C.D. Cal. for all future proceedings.

I.      **BACKGROUND**

        MPI brought this civil action for patent infringement under the Patent Act, 35 U.S.C. § 100 *et seq.*, against Sorting Robotics and Harrison Bard d/b/a Custom Cones. (ECF No. 1.) According to the Complaint, MPI is a company dedicated to building technologies to assist manufacturing and packaging companies make and deliver high quality pre-rolled cones and other packages. (*Id.* at ¶ 3.) MPI's technology is currently being used in connection with the creation of folded packages and pre-rolled cones containing hemp. (*Id.* at ¶ 4.) Defendant Sorting Robotics is incorporated in Delaware and has its principal place of business in Van Nuys, California. (*Id.* at ¶ 7.) Defendant Custom Cones

does business in in Kent, Washington. (*Id.* at ¶ 8.) The Complaint alleges that venue is proper in the District of Nevada because Custom Cones commits acts of infringement in Nevada, including exhibiting infringing technology at the MJBIZCON convention held at the Las Vegas Convention Center, and Sorting Robotics contributes to and induces that infringement as well as directs advertising to Nevada. (*Id.* at ¶¶ 12-15.)

In Defendants' Motion to Dismiss, Defendants argue that venue is not proper in the District of Nevada because neither Sorting Robotics nor Custom Cones have a regular place of business in Nevada and their sporadic business activities in Nevada, such as convention attendance, do not suffice for venue under the patent venue statute, 28 U.S.C. § 1400. (ECF No. 22.) In MPI's response, MPI advised it would voluntarily dismiss Custom Cones and requested that this Court transfer venue to C.D. Cal. where Sorting Robotics resides and is subject to jurisdiction. (ECF No. 23.) MPI stated that while "jurisdictional discovery may reveal that both defendants have a multitude of customers who reside in this district[,]" it nonetheless "may not rise to the level established by the Federal Circuit" necessary for patent venue. (ECF No. 23.) On February 8, 2022, MPI filed a Notice of Voluntary Dismissal of Custom Cones. (ECF No. 24.) Following dismissal of Custom Cones, Sorting Robotics, the only remaining defendant, replied, arguing that dismissal of the case, not transfer of venue, is proper because the requirements for transfer cannot be met. (ECF No. 27.)

## II.  DISCUSSION

Venue in patent infringement cases is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Residence means only the state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). Because Sorting

Robotics admits that "Sorting Robotics conducts its business from a leased office space located in Van Nuys, California[,]" that "each of Sorting Robotics [sic] eight employees are located in California[,]" and that "[a]ll of the design, development, and final assembly of Sorting Robotics' products, including the accused Jiko Machine, is completed in California[,]" the Court finds that venue would be proper as to Sorting Robotics in C.D. Cal. because it has a regular and established place of business in Van Nuys and has allegedly committed acts of infringement there. (ECF No. 22.)

Change of venue in patent cases, like in other civil cases, is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). MPI argues that transfer to C.D. Cal., not dismissal, is appropriate since venue would be proper in C.D. Cal. as to Sorting Robotics and Sorting Robotics is the only remaining defendant in this case. Sorting Robotics argues that since Custom Cones was originally included in the Complaint, this case could not have been originally properly filed in C.D. Cal. and thus cannot be transferred there under the "might have been brought" provision of 28 U.S.C. § 1404(a).

The Court finds that the "might have been brought" inquiry is to be undertaken with respect to the parties in the case at the time of the request for transfer and rejects Sorting Robotics' arguments to the contrary. Sorting Robotics cites to *In re SK hynix Inc.*, 847 F. App'x 847, 852 (Fed. Cir. 2021) and *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) for the proposition that the Court may not consider the voluntary dismissal of Custom Cones in the "might have been brought" inquiry under § 1404(a). These cases contain some broad language which states that courts may only look to the situation as it existed when the complaint was filed in the "might have been brought" analysis. However, these

cases did not decide the precise issue now before the Court. In *SK hynix*, the defendants were a foreign entity, SK hynix, Inc., and a domestic entity headquartered in the Northern District of California, SK hynix America, Inc. *SK hynix*, 847 F. App'x at 850. The defendants moved to transfer the case to C.D. Cal., which would be proper as to the foreign entity but not as to the domestic entity headquartered in the Northern District. The Federal Circuit stated that "[n]otably, SK hynix moved to transfer the entire case. It neither sought severance of SK hynix Inc. (a foreign entity, to which the venue requirement of 28 U.S.C. § 1400(b) is inapplicable) nor sought transfer of the case against SK hynix Inc. even if there was no transfer of the case against SK hynix America, Inc." *Id.* The Federal Circuit upheld the district court's decision to deny transfer based on the fact that "SK hynix did not differentiate between the foreign and domestic SK hynix entities for purposes of its transfer motion" and the "might have been brought" analysis. *Id.* at 852.

Sorting Robotics points to the following language from *SK hynix*: "We do not see how the conduct of a defendant after suit has been instituted can add to the forums where it might have been brought. In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted." *Id.* (citing *Hoffman v. Blaski*, 363 U.S. 335, 343–44, (1960)). However, this language was directed at SK hynix's alternative argument regarding a defendant's post-filing consent to transfer. Specifically, the Federal Circuit stated that "the 'might have been brought' alternative is not met by the defendant asserting that it would consent to venue in the proposed transferee forum." *Id.* This language did not pertain to the propriety of transfer if SK hynix had only moved to transfer the foreign entity to C.D. Cal., instead of including the domestic entity for which venue was only proper in the Northern District. In the present case, however, it appears that MPI has done exactly what SK hynix fatally failed to do, which is to

remove the party that would make the transferee district improper for the "might have been brought" analysis under § 1404(a).

*In re EMC Corp.* also does not control this issue. *EMC Corp.* involved a district court considering, as part of the judicial economy considerations for transfer, the court's own familiarity with the case which it gained, by definition, after the case was filed. *EMC Corp.*, 501 F. App'x at 976. The Federal Circuit held that such consideration was improper, stating that "the relevant inquiry is the state of affairs at the time when the suit was instituted." *Id.* (internal quotations omitted). It did not decide that dismissal of a party by the plaintiff could not be considered in the "might have been brought" analysis. Likewise, the United States Supreme Court case cited by these Federal Circuit cases, *Hoffman*, did not squarely hold that dismissal of a party by the plaintiff could not be considered, only that "the wish or waiver of the defendant" cannot be considered, nor can post-filing conduct of the defendants such as moving to a new forum. *Hoffman v. Blaski*, 363 U.S. 335, 343–44, (1960).

Right now, this case is for patent infringement between MPI and Sorting Robotics. Under the plain language of § 1404(a), a patent infringement action between MPI and Sorting Robotics might have been brought in C.D. Cal. The Third Circuit reached a very similar issue, except that certain defendants had settled instead of been voluntarily dismissed, and the Third Circuit found that the "might have been brought" inquiry is to be undertaken with respect to the parties in the case at the time of the transfer motion. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818–19 (3d Cir. 1982). The Third Circuit declined to read *Hoffman* so strictly as to preclude any inquiries of any kind into post-filing activities. *Id.* at 819. The Court adopts the reasoning of the Third Circuit and holds that the "might have been brought" analysis is to be undertaken with respect to the parties in the action at the time transfer is requested. *See also Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) (stating, in

1  the context of Federal Circuit appellate jurisdiction, that "[the plaintiff's]

2  dismissal of the patent claim constituted an amendment of his complaint.").

3       Having decided that transfer to C.D. Cal. is not improper as a matter of

4  law, the Court must now consider whether transfer is in the interests of justice

5  and the convenience of the parties. Sorting Robotics has stated that all of its

6  employees and operations are located in C.D. Cal. It is apparent that it would be

7  convenient to litigate this case in C.D. Cal. because most of Sorting Robotics'

8  witnesses and allegedly infringing acts occurred there. Sorting Robotics argues

9  that MPI should be penalized for filing this lawsuit in the District of Nevada. (ECF

10  No. 27.) However, MPI has acted to streamline further proceedings by voluntarily

11  dismissing Custom Cones. The Court finds that the interests of justice and

12  convenience of the parties and witnesses favor transfer.

13  **III.  CONCLUSION**

14       It is therefore ordered that Sorting Robotics' motion to dismiss (ECF No.

15  22) is denied.

16       It is further ordered that this case be transferred to the United States

17  District Court, Central District of California.

18

19

20       DATED THIS 13th day of October 2022.

21

22

23  _____

24  ANNE R. TRAUM
    UNITED STATES DISTRICT JUDGE

25

26

27

28