Matthew De Preter (*pro hac vice*)
ARONBERG GOLDGEHN DAVIS AND GARMISA
330 North Wabash Avenue Suite 1700
Chicago, IL 60611
312-755-3153
Email: cdepreter@agdglaw.com

Lena N. Bacani (SBN 213556)
lena.bacani@lozaip.com
LOZA & LOZA, LLP
305 N. Second Ave., Ste. 127
Upland, CA 91786
Tel: (877) 406-5164/Fax: (213) 394-3625

*Attorneys for Plaintiff MPI LLC*

Marc E. Hankin (SBN 170505)
marc@hankinpatentlaw.com
Anooj Patel (300297)
anooj@hankinpatentlaw.com
**HANKIN PATENT LAW APC**
12400 Wilshire Blvd., Suite 1265
Los Angeles, CA 90025
Tel: (310) 979-3600/Fax: (310) 979-3603

Attorneys for Defendant, **Sorting Robotics, Inc.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MPI LLC,<br>　　　　Plaintiff,<br>　　v.<br>SORTING ROBOTICS, INC.,<br>　　　　Defendant.<br>―――――――――――――――<br>SORTING ROBOTICS, INC.,<br>　　　　CounterClaimant,<br>　　v.<br>MPI LLC,<br>　　　　CounterDefendant. | CASE No. 2:22−cv−07464−JAK-PD<br><br>[Hon. John A. Kronstadt]<br><br>**JOINT RULE 16(b)/26(f) Report** |

## I. Joint Rule 16((b)/26(f) Report

Pursuant to Docket Entry 67, the Parties hereby provide this Joint Report.

### A. Statement of the Case

1. Plaintiff's Statement

Plaintiff, MPI, LLC ("MPI") is the owner of United States Patent No. 11,130,596 ("the '596 Patent") and United States Patent No. 11,414,221 ("the '221 Patent"). The patents share a common specification that discloses technology directed to a packaging machine for formulating filled paper cones as well as the structure of the filled paper cones themselves. The '596 patent is generally directed to the structure of the paper cones while the '221 patent is directed to a fluid injecting apparatus that can be used to inject fluid into filled paper cones.

Defendant, Sorting Robotics, Inc. ("Sorting Robotics") is a design and manufacturing company that developed, manufactures, and sells various machines included a fluid injecting machine with the trade name Jiko. The Jiko machine operates to inject fluid into filled paper cones.

MPI asserts that the Jiko machine and the filled paper cones made utilizing the Jiko machine infringed the '596 and '221 patents. Sorting Robotics denies that the Jiko machine and any filled paper cones made using the Jiko machine infringe either patent and further asserts that each patent is invalid.

2. Defendant's Statement

Sorting Robotics provides various machinery to its customers, including the Jiko machine ("the Accused Product"), which allows for the infusion of various sized pre-rolls using both pressure and temperature to control the infusion process.

Sorting Robotics asserts that the Accused Product does not infringe either the '596 Patent or the '221 Patent.

As an illustrative example, the '221 Patent is directed toward a machine that injects fluid into a series of cavities, and includes a fluid pump. The Accused Product

does not comprise a fluid pump. As an illustrative example, the '596 Patent requires that a folded package comprise a cone shape terminating in a rim and that the folded package be injected with a fluid. Defendant offers for sale the Accused Product, not just folded packages, and the Accused Product may be used with a variety of pre-rolls, such that the machine has clear uses that result in products that do not infringe the '596 Patent.

**B.  Subject Matter Jurisdiction**

This court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**C.  Legal Issues**

MPI asserts the following claims:

1) Sorting Robotics' using the Jiko machine to form filled paper cones constitutes direct infringement of the '596 patent under 35 U.S.C. § 271(a)

2) Sorting Robotics' selling and offering to sell the Jiko machine to customers for the purpose of having customers form filled paper cones constitutes contributory infringement of the '596 patent under 35 U.S.C. §271(c)

3) Sorting Robotics' selling and offering to sell the Jiko machine to customers for the purpose of having customers form filled paper cones constitutes inducement of infringement of the '596 patent under 35 U.S.C. §271(b)

4) Sorting Robotics' making, using, selling, and offering to sell the Jiko machine constitutes direct infringement of the '221 patent under 35 U.S.C. § 271(a)

Sorting Robotics asserts the following defenses and counter claims:

1) Non-infringement of the '596 patent

    2) Invalidity of the '596 patent

    3) Non-infringement of the '221 patent

    4) Invalidity of the '221 patent

  In addition to its counterclaims, Sorting Robotics has asserted a number of affirmative defenses to MPI's claims. MPI has challenged the appropriateness and sufficiency of those affirmative defenses and moved to strike them under Rule 12(f). Defendant will Oppose the Motion to Strike.

  Additional legal issues to be decided by the court that are presently contemplated by the parties include claim construction matters and a determination as to whether certain material constitutes prior art to the patents at issue.

  **D. Parties, and Non-Party Witnesses**

  The parties are as follows:

    1) Plaintiff, MPI, LLC, limited liability company organized under the laws of the state of Nevada having a place of business at 3645 W. Twain Ave. Las Vegas, Nevada 89103.

    2) Defendant, Sorting Robotics, Inc., a corporation existing under the laws of the State of Delaware, with a principal place of business located at 6837 Hayvenhurst Ave., Van Nuys, California 91406.

Witnesses:

  Plaintiff presently believes the following people may have information relevant to the claims or defenses in the case:

    1) Mark Holderman

    2) Gregory Russell

    3) Travis Honda

    4) Nothal Partansky

    5) Paul Skaar

    6) Harrison Bard (Third Party)

Defendant presently believes the following people may have information relevant to the claims or defenses in the case:

1) Nohtal Partansky
2) Andrew Wells
3) Paul Skaar
4) Gregory Cook
5) Cassio Dos Santos
6) Diego Torres
7) Sean Lawlor
8) Bryce Johnson
9) Karen Honda
10) Travis Honda
11) Todd Youren

**E.   Damages**

1. Plaintiff's Position

Plaintiff is unaware of the number of sales of the Jiko machine or the number of filled paper cones made by the Jiko machine and has no means of reasonably estimating such figures.  Plaintiff is also unaware of how much Defendant charges for the Jiko machine or how much filled paper cones manufactured using the Jiko machine are sold for.  However, Plaintiff anticipates establishing a measure of damages equal to a reasonable royalty on such sales for the infringement of the patents-in-suit.

Additionally, Plaintiff asserts that equitable remedies in the form of injunctive relief precluding the sale or use of the Jiko machine is appropriate.

2. Defendant's Position

No damages are claimed by Defendant in this proceeding as yet, but

Defendant's damages include, and are not limited to, the attorney's fees and costs that Plaintiff has caused Defendant to incur in defending against this Action.

Additionally, Defendant argues that Plaintiff has no damages because Defendant has not infringed either the '596 Patent or the '221 Patent.

**F.     Insurance**

Plaintiff does not believe it maintains any insurance relevant to the claims, counterclaims, or defense in this suit.

Defendant is not aware of any insurance that covers this case.

**G.     Motions:**

Plaintiff has filed a motion to strike Defendant's affirmative defenses under Rule 12(f) [Dkt. 72] which is currently pending before this Court. Defendant intends to file an Opposition to Plaintiff's Motion to Strike.

The Parties do not anticipate filing any motions seeking to add other parties or claims, filed any amended pleadings, or move to transfer venue.

**H.     Manual for Complex Litigation**

The Parties do not believe that the procedures of the Manual for Complex Litigation should be utilized.

**I.     Status of Discovery**

The Parties are in the initial stages of discovery and have served their respective Rule 26(a) disclosures.  Neither party has provided responses to any discovery requests yet.

**J.     Discovery Plan**

The Parties propose the following discovery plan.

| Event | Deadline |
|---|---|
| Rule 26(a)(1) Disclosures | February 3, 2023 |
| Deadline for completion of fact discovery including depositions | 12 weeks after Markman Hearing |
| Expert Discovery cutoff | 16 weeks after Markman Decision |
|  |  |

In addition, the Parties propose generally following the Schedule of Pretrial and Trial Dates for Patent cases set forth in Dkt. 67:

**See EXHIBIT A – SCHEDULE OF PRETIRAL AND TRIAL DATES FOR PATENT CASES**

With respect to other discovery matters raised by Dkt. 67, Plaintiff believes that, unless otherwise agreed to by the parties or by leave of court, the parties to should be limited to 25 Interrogatories, 50 Requests for Production, and 50 requests to admit (not including requests to admit that are solely directed to authentication).

Defendant does not agree that limiting the scope or extent of Discovery to be more narrow than the Federal Rules of Civil Procedure is appropriate at this time because Defendant does not know the scope and extent of information and documents in the possession of Plaintiff. Accordingly, Defendant agrees that Interrogatories should be limited to 25, including subparts, but for now, does not believe a limit should be placed on the number of Requests for Production or Requests for Admission.

The parties believe that fact discovery should be conducted in a single phase.

Respecting the substance of discovery, without either party admitting to the propriety of any particular discovery and reserving the right to object to discovery requests, the Parties state as follows:

7

Plaintiff believes that the following categories of information are relevant to the issues in the case:

1) The patents at issue including each patent's file history;
2) Alleged prior art to the patents in suit;
3) The structure of the Jiko machine;
4) The structure of paper cones manufactured utilizing the Jiko machine;
5) Operational manuals, instructions, and discussions respecting the Jiko machine;
6) Promotional material regarding the Jiko machine including discussions between Defendant and any third party respecting the operation or benefits of the Jiko Machine;
7) Defendant's internal communications and documentation respecting the structure and operation of the Jiko machine;
8) Defendant's profits for the sale of the Jiko machine and any products manufactured using the Jiko Machine;
9) Information referring to pricing of filled paper cones manufactured utilizing the Jiko Machine and manufactured without utilizing the Jiko Machine.

Without repeating any of foregoing that Defendant may also believe to be relevant, Defendant believes that additional discovery may include:

1) Evidence relating to a hypothetical reasonable royalty;
2) Information relating to research and development of the inventions claimed by the '596 Patent or the '221 Patent;
3) Information relating to interpretation of terms used the '596 Patent and the '221 Patent;
4) Promotional material regarding the machine in patent US

2019/0329514 including discussions between Plaintiff and any third party respecting the operation or benefits of the Machine.

5) Promotional material regarding the machine in the '221 patent including discussions between Plaintiff and any third party respecting the operation or benefits of the Machine.

6) Plaintiff's profits for the sale of the machine in the '221 patent and any products manufactured using the machine in the '221 patent.

7) Plaintiff's profits for the sale of the machine in patent US 2019/0329514 and any products manufactured using the machine in the machine in patent US 2019/0329514.

### K. Discovery Cut-Off

Consistent with the schedule proposed above, the Parties believe that the last day for the completion of non-expert discovery should be 12 weeks after the Markman hearing and the close of all expert discovery should be 16 weeks after the Markman ruling.

### L. Expert Discovery

Dates for expert disclosures are set forth in the schedule above.

### M. Dispositive Motions

The Parties believe that there is potential that motions for summary judgment may determine the issues of alleged infringement and alleged invalidity.

### N. Settlement

The Parties have engaged in settlement discussions, and are exploring the possibility of resolving this case sooner rather than later.

At the appropriate time, Plaintiff presently believes that ADR Procedure No. 1 (appearance before the district judge or magistrate) would be the preferred settlement procedure under L.R. 15-15.4.

9

Defendant proposes that the Parties proceed with ADR Procedure No. 2 – a neutral selected from the Court's Mediation Panel, and Defendant proposes using Diane Faber, who is highly experienced at mediating Patent cases.

### O. Trial Estimate

Jury trial has been demanded.

The Parties presently anticipate a trial length of five days.

Plaintiff presently anticipates calling 4-5 witnesses.

Defendant presently anticipates calling 5-6 witnesses.

### P. Trial Counsel

Plaintiff's litigation team comprises Matthew De Preter (lead trial counsel, pro hac vice), Alexandra Benigni (pro hac vice), and Lena Bacani (local counsel).

Defendant's litigation team comprises Marc E. Hankin (lead trial counsel), and Anooj Patel.

### Q. Independent Expert or Master

The Parties do not believe that an Independent Expert or Master is necessary.

### R. Timetable

Attached hereto is a proposed timetable.

### S. Other Issues

The Parties are not aware of any other issues at this time.

### T. Patent Cases

The Parties proposed dates for the claim construction are included in the attached time table.

### U. Whether the Parties Wish to Have a Magistrate Judge Preside

The Parties do not consent to have a Magistrate Judge preside over the entire action.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **HANKIN PATENT LAW APC** |
| DATED: February 9, 2023 | */Marc E. Hankin/* <br> Marc E. Hankin, Esq. |
|  | Attorneys for Defendant, **SORTING ROBOTICS, INC.** |
|  | **ARONBERG GOLDGEHN DAVIS & GARMISA** |
| DATED: February 9, 2023 | */Matthew De Preter/* <br> _____ <br> Matthew De Preter, Esq. |
|  | Attorney for Plaintiff, MPI LLC |

4866-4090-1196, v. 3