UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-07464-JAK-PDx | Date | June 11, 2026 |
|---|---|---|---|
| Title | MPI LLC v. Sorting Robotics, Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION (DKT. 177)**

## I.    Introduction

Plaintiff MPI LLC ("Plaintiff" or "MPI") filed this patent infringement action against Defendant Sorting Robotics, Inc. ("Defendant" or "Sorting Robotics") on November 15, 2021. Dkt. 1. Plaintiff alleges that Defendant infringes U.S. Patent Nos. 11,130,596 ("the '596 Patent") and 11,414,221 ("the '221 Patent") (collectively, the "Asserted Patents"). Dkt. 63.

An October 6, 2025, Order granted-in-part and denied-in-part Plaintiff's Motion for Summary Judgment. Dkt. 174. The Order granted summary judgment as to infringement of the '221 Patent, finding no genuine dispute that Defendant sold a machine meeting all elements of the asserted claims of the '221 Patent. *Id.* at 9. It denied summary judgment as to infringement of the '596 Patent due to a lack of clarity regarding Plaintiff's infringement theory and a lack of evidence needed to support potential infringement theories. *Id.* at 10-11. It denied summary judgment as to damages for both Asserted Patents. *Id.* at 11-12.

Plaintiff now moves for a permanent injunction. Dkt. 177. Defendant filed an opposition. Dkts. 192, 194-14 (sealed). Plaintiff filed a reply. Dkt. 202.

Based on a review of the filings, it is determined that the issues presented are appropriate for decision without oral argument, and the hearing scheduled for February 2, 2026, was taken off calendar. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated in this Order, Plaintiff's Motion for Permanent Injunction is **DENIED** as premature.

## II.    Analysis

### A.    Legal Standard

District courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent." 35 U.S.C § 283. The standard for determining whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-07464-JAK-PDx | Date | June 11, 2026 |
|---|---|---|---|
| Title | MPI LLC v. Sorting Robotics, Inc. | | |

a permanent injunction should be granted is essentially the same as the standard for a preliminary injunction, except that the plaintiff's actual success on the merits is considered rather than the plaintiff's likelihood of success on the merits. *Amoco Prod. Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987).

To determine whether an injunction is appropriate, courts analyze the following four factors: (1) whether the patent owner has suffered an irreparable injury; (2) whether remedies available at law are inadequate to compensate for that injury; (3) whether a remedy in equity is warranted considering the balance of hardships between the plaintiff and the defendant; and (4) whether the public interest would be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *Id*.

   B.     Application

Plaintiff has established success on the merits only for its claim of infringement of the '221 Patent. For the reasons stated in the Summary Judgment Order, Plaintiff has not established success on the merits for its claim of infringement of the '596 Patent. Dkt. 174 at 10-11. Plaintiff has also not established that it is entitled to damages for either infringement claim. *Id*. at 11-12.

A permanent injunction, which is what Plaintiff requested, is not appropriate where the plaintiff has not established success on the merits. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 394 (1981) (noting distinction between "likelihood of success" and "success" as well as "the significant procedural differences between preliminary and permanent injunctions"). Accordingly, Plaintiff's Motion is **DENIED** with respect to the '596 Patent. This denial is without prejudice to renewing the request in the event that Plaintiff later prevails on its infringement claim.

As to the '221 Patent, Plaintiff has established infringement, but has not yet established damages. Courts in this district, and others, have denied requests for permanent injunctions as premature under similar circumstances. For example, a court in this district found a request for permanent injunction premature, even where liability had been established, because the issue of damages had not yet been resolved. *Cam Guard Sys., Inc. v. Smart Sys. Techs., Inc.*, No. 07-CV-1051, 2008 WL 11343527, at *2 (C.D. Cal. July 15, 2008). That ruling stated that issues of irreparable harm and adequacy of money damages would be more appropriately evaluated at an upcoming trial regarding damages. *Id.* Another court in this district made a similar determination when not all claims against all defendants had been resolved. *See Allergan Inc. v. Cayman Chem. Co.*, No. 07-CV-01316, 2009 WL 10676181, at *2 (C.D. Cal. Mar. 17, 2009) (stating that permanent injunction was premature). Courts in other districts have also made similar determinations. *See Kaneka Corp. v. Designs for Health, Inc.*, No. 21-CV-209, 2025 WL 3516452, at *1 (D. Del. Aug. 26, 2025) (rejecting "permanent" language in preliminary injunction because the court had not yet issued its findings of fact and conclusions of law.) These decisions are persuasive, and apply here. Accordingly, Plaintiff's Motion is also **DENIED** with respect to the '221 Patent. This is without prejudice to renewing the request after the damages issue has been resolved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-07464-JAK-PDx | Date | June 11, 2026 |
|---|---|---|---|
| Title | MPI LLC v. Sorting Robotics, Inc. | | |

Further, a permanent injunction is not a mandatory remedy after a finding of infringement. *See eBay*, 547 U.S. at 391. Rather, courts analyze the four factors stated above. *Id.* To prevail, Plaintiff must show that Defendant's infringement will cause irreparable harm. *Active Sports Lifestyle USA, LLC v. Old Navy, LLC*, No. 12-CV-572, 2014 WL 1246497, at *3 (C.D. Cal. Mar. 21, 2014) (citing *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1375 (Fed. Cir. 2012)).[1] Determinations relevant to the damages issue may affect Plaintiff's ability to establish irreparable harm. *See id.* ("[T]hough the jury may have found [Defendant] liable for infringement, its decision to award no damages at all indicates that the infringement is not what was driving sales of [Defendant]'s products, nor damaging" Plaintiff's sales and reputation.) The potential overlap between the issue of damages and irreparable harm supports the determination that a permanent injunction is premature here.

### III.    Conclusion

For the reasons stated in this Order, the Motion is **DENIED** as premature. Denial is without prejudice to renewing the Motion later in the proceedings based on a more complete record.

The parties shall meet and confer regarding the status of the remaining claims in this action, as well as whether any settlement efforts would be productive at this time. They shall then file a joint status report including a proposed schedule for remaining case deadlines, including for any settlement process that they think would be productive, pursuant to the Court's Standing Order. *See* Dkt. 61 at 46–48. The joint status report shall be filed within ten (10) days after the issuance of this Order.

**IT IS SO ORDERED.**

                                                           :

Initials of Preparer      LC2

---

[1] Though *Active Sports* involved a claim for trademark infringement, permanent injunctions for both patent and trademark infringement are considered under the four-factor *eBay* test. Thus, despite differences in determining patent and trademark damages, this authority has persuasive value.